# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DIANSKY ROUZARD,

       Plaintiff,

v.                                          Case No: 6:24-cv-585-CEM-LHP

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   AMENDED MOTION TO DISMISS WITH MEMORANDUM IN SUPPORT (Doc. No. 27)
>
> **FILED:**     July 8, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Diansky Rouzard, on behalf of himself and his minor children ("Claimant"), appearing *pro se*, instituted this action against Defendant the Commissioner of Social Security ("the Commissioner") by complaint filed on April 1, 2024. Doc. No.

1. On May 24, 2024, Claimant filed an amended complaint. Doc. No. 9. In the amended complaint, Claimant purports to assert claims for "breach of contract," "breach of fiduciary duty," "violation of Title XVI of the Social Security Act," "negligence," and "violation of due process" based on the Commissioner's alleged delayed processing of one minor child's application, improper overpayment recoupment, and failure to timely adjudicate requests for reconsideration and waiver. Doc. No. 9, at 3; Doc. No. 9-4 (filed under seal).

In response to the amended complaint, the Commissioner has filed a motion to dismiss, arguing that Claimant has failed to exhaust his administrative remedies or state claims that establish that the Court has subject matter jurisdiction in this case. Doc. No. 27. In support, the Commissioner relies on the Declaration of Jay Yu, Social Insurance Specialist, Center for Disability and Program Support, Social Security Administration. Doc. No. 27-1.[1] Mr. Yu avers to the total overpayment

---

[1] Subject matter can be challenged facially or factually. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Because the Commissioner here relies on matters outside of the pleadings, the Commissioner brings a factual attack, which "is an attack on the 'trial court's jurisdiction-its very power to hear the case,' and the presumption of truthfulness afforded a plaintiff's allegations under Rule 12(b)(6) does not attach." *Parker v. Astrue*, No. 8:07-cv-436-T-MAP, 2007 WL 4365650, at *2 (M.D. Fla. Dec. 13, 2007) (citing *Lawrence*, 919 F.2d at 1529).

Generally speaking, in social security cases, the administrative review process includes receipt of an initial determination, 20 C.F.R. § 416.1402, reconsideration, 20 C.F.R. § 416.1407, a hearing before an Administrative Law Judge, 20 C.F.R. § 416.1429, and review by the Appeals Council, 20 C.F.R. § 416.1467; *see also* 20 C.F.R. § 416.1400. Only after

amounts outstanding, that minor M.R.'s Title XVI or SSI benefits ceased in March 2024 due to disability cessation, that minor A.R.'s Title XVI or SSI benefits ceased in April 2021 due to disability cessation, that minor A.R. reapplied for SSI in February 2023 and is awaiting a decision, and that "the record indicates that no overpayment waiver or appeal request was filed or is pending" with regard to the overpayment amounts.  *Id.*  The Commissioner submits no supporting documents or exhibits to this declaration.

Claimant opposes the motion to dismiss, arguing, among other things, that he exhausted administrative remedies, and that Mr. Yu's declaration is demonstrably false regarding "no overpayment waiver or appeal request," given Claimant's multiple efforts to resolve the overpayment issues with the Social Security Administration ("SSA").  Doc. No. 31.  Claimant submits a host of documents to support his arguments, to include letters sent to the SSA, formal complaints, requests for correction, requests for reconsideration regarding SSI benefits and overpayment, statements of Claimant, requests for continuation of benefits, notices of inquiry, supplemental filings, award letters issued by the SSA,

---

exhaustion of these processes may a claimant seek judicial review.  *See* 20 C.F.R. § 422.210(a); *see also* 20 C.F.R. § 416.1481.

and a Freedom of Information Act request and responses. Doc. Nos. 31-1 through 31-18.

The Commissioner thereafter filed an authorized reply brief. Doc. No. 41.[2] The Commissioner says that Mr. Yu reexamined agency records, and that Mr. Yu has now supplemented his declaration in support of the argument that Claimant has not exhausted administrative remedies. *Id.* at 1–2; Doc. No. 41-1. According to the Supplemental Declaration, with respect to Claimant "two prior waiver requests were made and decisions were rendered with a portion being denied and a portion being waived," "a reconsideration was requested in December 2021 on a living arrangement issue and in July 2023 on an income issue" and "[a] dismissal decision on living arrangement was rendered in December 2021 and an unfavorable decision on the income issue was rendered on July 2023," and that the record does not reflect that any hearing before an administrative law judge ("ALJ") is pending. Doc. No. 41-1. The Commissioner again submits no supporting documents or exhibits to this declaration.[3]

---

[2] Claimant's objection to the undersigned's Order authorizing the reply brief remains pending upon issuance of this Order. Doc. No. 40.

[3] Claimant has also filed an unauthorized response to the Commissioner's reply, in which Claimant again challenges the assertion that administrative remedies have not been exhausted, and reasserts constitutional and due process arguments. Doc. No. 42. The Court has considered this response in this one instance, but again reminds Plaintiff that even *pro se* parties must adhere to all applicable Federal Rules of Civil Procedure and Local

Upon consideration, given the conflicts between representations by the Commissioner and Claimant, and the lack of documentation in support of the declaration submitted by the Commissioner, the Court finds that the prudent course in resolving this motion to dismiss is to require supplementation to the record before addressing the issue of exhaustion of administrative remedies and the factual attack on the Court's subject matter jurisdiction in this case. *Cf. Parker v. Astrue*, No. 8:07-cv-436-T-MAP, 2007 WL 4365650, at *3 (M.D. Fla. Dec. 13, 2007) (requiring supplementation to the record to resolve motion to dismiss for lack of subject matter jurisdiction where "Defendant posits that the SSA did in fact render an initial determination from which Plaintiff could and should have requested reconsideration pursuant to 20 C.F.R. § 404.905, but from the pleadings filed to date, it is unclear what transpired between the parties prior to Plaintiff filing this lawsuit.").[4]

---

Rules. Future unauthorized filings, or those that fail to comply with applicable rules will be summarily denied and/or stricken.

[4] The Court also notes that Claimant's amended complaint references due process violations and violations of constitutional guarantees. Doc. Nos. 9, 9-4. "[A] reviewing court may find a waiver of the exhaustion requirement if a constitutional claim is wholly collateral to the substantive claim of entitlement, and there is a showing of irreparable injury not recompensable through retroactive payments." *Dunnells v. Comm'r of Soc. Sec.*, No. 5:12-cv-484-Oc-18PRL, 2013 WL 1909590, at *2 (M.D. Fla. Apr. 22, 2013), *report and recommendation approved*, 2013 WL 1909605 (M.D. Fla. May 8, 2013) (citing *Mathews v. Eldridge*, 424 U.S. 319, 330–31 & n.11 (1976)). Given the rulings made herein, the Court does not further address this issue at this time.

Accordingly, the Commissioner's Amended Motion to Dismiss (Doc. No. 27) is **DENIED without prejudice**.  It is **ORDERED** that within **thirty (30) days** of the date of this Order, the parties are directed to file copies of any and all correspondence or notices sent by the Social Security Administration to Claimant or to the Social Security Administration from Claimant regarding Claimant and Claimant's minor children's application(s) for benefits, overpayment recoupment related thereto, or any other evidence showing that subject matter jurisdiction is or is not proper in this Court.  *See Parker*, 2007 WL 4365650, at *3.  The Commissioner shall also serve hard copies of any submitted records on Plaintiff.  Within **fourteen (14) days** after supplementation of the record, the Commissioner may renew his motion to dismiss, with appropriate citation to the evidence showing that subject matter jurisdiction is or is not proper in this Court.  Plaintiff may file a response to the motion to dismiss within **twenty-one (21) days** after service.  Local Rule 3.01(c).

**DONE** and **ORDERED** in Orlando, Florida on August 29, 2024.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties