# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DIANSKY ROUZARD,

       Plaintiff,

v.                                                    Case No: 6:24-cv-585-CEM-LHP

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant

---

## AMENDED[1] REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION TO DISMISS WITH MEMORANDUM IN SUPPORT (Doc. No. 48)**
>
> **FILED:**     October 15, 2024
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

---

[1] Amended only to correct the docket entry number of the motion to which this report and recommendation relates.

**I.     BACKGROUND.**

Diansky Rouzard, on behalf of himself and his minor children ("Plaintiff"), appearing *pro se*, instituted this action against Defendant the Commissioner of Social Security ("the Commissioner") by complaint filed on April 1, 2024.  Doc. No. 1.[2]  On May 24, 2024, Plaintiff filed an amended complaint, which includes a form Complaint for a Civil Case, Doc. No. 9, and a separate Civil Complaint and Demand for Jury Trial, Doc. No. 9-4.  Plaintiff purports to assert claims for "breach of contract," "breach of fiduciary duty," and "violation of Title XVI of the Social Security Act," based on the following:

> The Plaintiff and his minor children are individuals who have been enrolled in the Social Security Disability Income (SSDI) and the Social Security Income (SSI) program, administered by the Defendant. Pursuant to Title XVI (Supplemental Security Income for the Aged, Blind, and Disabled) of the Social Security Act, the Defendant has the contractual obligation to provide financial support and assistance to Plaintiff and his minor child, [M.R.], who receives Social Security Income for benefits and delaying pending application for [A.R.].  The SSA's inadequate processing initial application, waiver and reconsideration requests has led to months of unresolved issues. Despite Plaintiff's efforts to communicate via letters and receiving unrecorded phone calls, the SSA failed to identify requests, continuing improper overpayment recoupment.

---

[2] Upon review, there is a "general approbation for non-attorney parents' pursuit of SSI benefits on behalf of their children," *see T.R.B. by & through Green v. Berryhill*, No. CV419-068, 2019 WL 2202785, at *2 (S.D. Ga. May 21, 2019) (collecting authority), and thus, Plaintiff's standing is not further addressed in this report.

> Due to the arbitrary and capricious practices of the SSA, resulting in financial and emotional harm by imposing wrongful penalties causing Plaintiff to receive a reduction to the maximum SSI & SSDI benefit payments. The income limit for SSI is the federal benefit rate, which is now $943 per month for SSI recipients. As a SSDI & SSI recipient, Plaintiff has not received a fair and proper adjustment due to the cost of living for 2024. All Plaintiff receives for SSDI is $405 and SSI is $558. The federal benefit rate maximum SSDI amount is $3,822.00 and the federal benefit rate maximum SSI amount is $943. SSI benefit payments in 2024 increased because Plaintiff has not received any benefit payments for [A.R.] due to her SSI benefit application being under disability review, which is extremely delayed and Plaintiff has not received the maximum benefit payments for [M.R.].
>
> Arbitrary limitations on the 10% limitation rule led to overpayments and unfair benefit reductions, violating the Social Security Act and constitutional guarantees. As told by the SSA Agent . . . that there were concerns about SSA's information gathering from neighbors raising privacy issues which further undermine trust. The incorrect benefit payments are causing Plaintiff and his minor children financial harm and emotional distress. The Defendant, in breach of its contractual obligations, has failed to provide the Plaintiffs with the appropriate and timely disability benefits as required under Title XVI of the Social Security Act. As a result of Defendant's breach of contract, the Plaintiffs have suffered severe financial hardship, emotional distress, and other related damages.

*See* Doc. No. 9-4, at 1–2 (filed under seal)[3]; *see also* Doc. No. 9, at 3 (stating that the basis for the Court's jurisdiction is violation of Title XVI, negligence, violation of due process, 20 C.F.R. § 416.571, and civil money penalty). Plaintiff seeks $100 million in compensatory damages, retroactive benefits, provision of disability

---

[3] It appears that this filing was placed under seal due to the use of the minor children's full names. *See* Doc. No. 9-4. Thus, the minor children's names are redacted from the recitation provided herein.

payments, a declaration regarding his entitlement to social security benefits, and other related relief. Doc. No. 9-4, at 3.

The Commissioner appeared in this case by filing a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Plaintiff had failed to exhaust administrative remedies prior to filing the complaint, which motion was supported by a declaration from a specialist for the Social Security Administration ("SSA"). Doc. No. 27; *see also* Doc. Nos. 25–26 (initial motion to dismiss denied without prejudice for failure to comply with Local Rule 3.01(g)). Plaintiff opposed, relying on several of his own evidentiary submissions in support. Doc. No. 31. And the Commissioner filed an authorized reply, with an updated declaration. Doc. No. 41. Upon referral, the undersigned denied the motion without prejudice due to the conflicting representations in the parties' filings and supporting evidence and required supplementation to the record to address the question of exhaustion of administrative remedies based on the Commissioner's factual attack on the Court's subject matter jurisdiction. Doc. No. 43.[4]

---

[4] A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may present either a facial or factual challenge to the complaint. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). A facial attack necessitates accepting the allegations in the complaint as true and assessing whether plaintiff has sufficiently alleged a basis for subject matter jurisdiction. *Id.* Factual attacks, on the other hand, allow the court to go beyond the pleadings and consider testimony and affidavits to determine whether subject matter jurisdiction exists

On September 30, 2024, the Commissioner filed the Administrative Record, to exclude medical records unrelated to the overpayment issues raised in this case. Doc. No. 47. Then, on October 15, 2024, the Commissioner renewed his motion to dismiss. Doc. No. 48. However, the Commissioner no longer asserts that the Court lacks subject matter jurisdiction, and instead, the motion is brought for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) alone. *Id.* at 2. The Commissioner contends that Plaintiff has failed to allege or demonstrate that he exhausted his administrative remedies by obtaining a final decision from the Commissioner regarding the issues raised in the amended complaint, and that Plaintiff has failed to demonstrate a valid basis to waive the exhaustion requirements. *Id.* at 2–10.

Plaintiff opposes, arguing that the records submitted by the Commissioner to this Court are incomplete and/or inadequate, and his claims before the SSA have merit. Doc. No. 49. Plaintiff does not argue that he has exhausted his administrative remedies. *Id.* But he contends that even if he has not exhausted administrative remedies, the Court should find the exhaustion requirement waived based on a violation of his due process rights. Doc. No. 50.[5]

---

"irrespective of the pleadings." *Id.*

[5] Plaintiff has filed his response as two separate documents. Doc. Nos. 49–50. Although technically a violation of Local Rule 3.01(a), absent any objection from the Commissioner, and considering Plaintiff's *pro se* status, the undersigned has considered

- 5 -

The matter has been referred to the undersigned and is ripe for review. For the reasons discussed herein, the undersigned will respectfully recommend that the Court grant the renewed motion to dismiss (Doc. No. 48).

## II.     ANALYSIS.

The Commissioner moves to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to exhaust his administrative remedies. Doc. No. 48. Courts generally do not consider evidence outside of the pleadings when deciding a motion to dismiss under Rule 12(b)(6). *See generally Holland v. Carnival Corp.*, 50 F.4th 1088, 1093 (11th Cir. 2022) (when reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the court must "accept[] the allegations as true and constru[e] them in the light most favorable to the plaintiff."); *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) ("In general, if it considers materials outside of the complaint, a district court must convert the motion to dismiss into a summary judgment motion." (citing Fed. R. Civ. P. 12(b)).

But motions to dismiss for failure to exhaust administrative remedies are different:

> While "a failure-to-exhaust defense is non-jurisdictional, it is like a defense for lack of jurisdiction in one important sense: Exhaustion of administrative remedies is a 'matter[ ] in abatement, and ordinarily

---

both filings in resolving the Commissioner's motion to dismiss.

> [does] not deal with the merits.'" *Bryant v. Rich*, 530 F.3d 1368, 1374 (2008) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 at 78 n. 15 (3d ed. 2004)). And "[b]ecause exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, 'it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'" *Bryant*, 540 F.3d at 1374-75 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988)).
>
> "[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* (citation omitted)[.] "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* (citation omitted).

*See Milligan v. Berryhill*, No. 4:19CV105-MW/CAS, 2019 WL 13290747, at *1–2 (N.D. Fla. Oct. 15, 2019); *see also Montalvo v. O'Malley*, No. 8:23-cv-02262-AAS, 2024 WL 711035, at *1 (M.D. Fla. Feb. 21, 2024) (applying this standard to motion to dismiss by the Commissioner for failure to exhaust administrative remedies).

Here, resolving whether Plaintiff exhausted his administrative remedies would not involve the adjudication of the merits of Plaintiff's claims. *See Milligan*, 2019 WL 13290747, at *2 ("[W]hether Plaintiff failed to exhaust his administrative remedies, or if not, whether Plaintiff should be excused from this failure, does not go to the merits."). Moreover, the case resolves at the first step of the two-step

process for resolving the motion to dismiss, because considering Plaintiff's amended complaint (Doc. No. 9), the Commissioner's motion (Doc. No. 48), and Plaintiff's response (Doc. Nos. 49–50), and accepting Plaintiff's contentions as true, Plaintiff has not demonstrated exhaustion of administrative remedies or an exception thereto, for the reasons set forth below.[6]

Section 405(g) of the Social Security Act provides federal subject matter jurisdiction for courts to review final decisions of the Commissioner of Social Security. *Smith v. Berryhill*, 587 U.S. 471, 475 (2019). "Modern-day claimants must generally proceed through a four-step process before they can obtain review from a federal court." *Id.* at 475–76. The administrative review process includes receipt of an initial determination, 20 C.F.R. § 416.1402, reconsideration, 20 C.F.R. § 416.1407, a hearing before an Administrative Law Judge, 20 C.F.R. § 416.1429, and review by the Appeals Council, 20 C.F.R. § 416.1467. *See also* 20 C.F.R. § 416.1400. Only after exhaustion of these processes may a claimant seek judicial review. *See* 20 C.F.R. § 422.210(a) ("General. A claimant may obtain judicial review of a decision by an administrative law judge or administrative appeals judge if the Appeals

---

[6] The undersigned notes that even if the Court found consideration of the Administrative Record and the related records attached by Plaintiff necessary, the result would be the same, as Plaintiff does not point to records in his briefing demonstrating that he has exhausted administrative remedies, *see* Doc. Nos. 49, 50, nor do the records attached by Plaintiff to his response include a final decision regarding Plaintiff's claims. Doc. Nos. 49-1, 49-2, 49-3. The Administrative Record, Doc. No. 47, does not include any final decision either.

Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner."). *See also* 20 C.F.R. § 416.1481.

Section 405(g) "contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the Secretary be exhausted." *Smith*, 587 U.S. at 478 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328, (1976)). This case involves the latter, which is the "nonjurisdictional element of administrative exhaustion." *See id.*; *see also* Doc. Nos. 9, 48–50.[7] "While § 405(g) delegates to the SSA the authority to dictate which steps are generally required, exhaustion of those steps may not only be waived by the agency, but also excused

---

[7] The undersigned is aware that several other courts in this Circuit have held that a failure to exhaust administrative remedies is jurisdictional, and dismissed claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *E.g., Bruder v. Comm'r of Soc. Sec.*, No. 6:23-cv-2332-DCI, 2024 WL 945302, at *2 (M.D. Fla. Mar. 5, 2024); *Klimowicz v. Comm'r of Soc. Sec.*, No. 8:23-cv-2261-SPF, 2024 WL 1603996, at *3 (M.D. Fla. Feb. 8, 2024); *Edwards v. Comm'r of Soc. Sec.*, No. 6:22-cv-1909-EJK, 2023 WL 3338805, at *2 (M.D. Fla. May 10, 2023); *Comack v. Kijakazi*, No. 4:21-CV-10065, 2022 WL 17583740, at *4 (S.D. Fla. July 27, 2022), *report and recommendation adopted*, 2023 WL 2734386 (S.D. Fla. Mar. 30, 2023), *aff'd*, No. 23-11115, 2024 WL 4719238 (11th Cir. Nov. 8, 2024); *Simpson v. Comm'r of Soc. Sec.*, No. 8:22-cv-0011-KKM-SPF, 2022 WL 1155904, at *1 (M.D. Fla. Apr. 19, 2022); *Anderson v. Comm'r of Soc. Sec.*, No. 22-CV-20900, 2022 WL 16835935, at *2 (S.D. Fla. Nov. 9, 2022). The undersigned, however, follows the Supreme Court's language in *Smith*, which states that a failure to exhaust administrative remedies is not jurisdictional, but rather waivable. And even if this was a jurisdictional requirement, the analysis in this report and recommendation would not change – *i.e.*, dismissal without prejudice would still be recommended.

by the courts[.]" *Smith*, 587 U.S. at 478 (citations omitted); *see also Wilson v. Comm'r of Soc. Sec.*, No. 21-10278, 2021 WL 3878252, at *3 (11th Cir. Aug. 31, 2021) (finding exhaustion requirement waived by the Commissioner).[8]

"Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir. 1997) (citation omitted).  Courts have applied "a three-part test to determine whether waiver is applicable: (1) are the issues entirely collateral to the claim for benefits; (2) would failure to waive cause irreparable injury; and (3) would exhaustion be futile." *Id.* at 1220 (citing *Bowen v. City of New York,* 476 U.S. 467, 483 (1986)).  The Eleventh Circuit has stated that "exhaustion may be excused only when the contested issue is constitutional, collateral to the consideration of the claimant's claim, and its resolution, therefore, falls outside the agency's authority." *Comack v. Comm'r, Soc. Sec. Admin.*, No. 23-11115, 2024 WL 4719238, at *2 (11th Cir. Nov. 8, 2024) (citing *Crayton*, 120 F.3d at 1222); *see also Klimowicz v. Comm'r of Soc.*

---

[8] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1354 n.7 (11th Cir. 2007).

*Sec.*, No. 8:23-cv-2261-SPF, 2024 WL 1603996, at *3 (M.D. Fla. Feb. 8, 2024) ("Courts may waive the exhaustion requirement if the plaintiff raises either a colorable constitutional claim or a challenge wholly collateral to her claim for benefits and makes a colorable showing that her injury could not be remedied by the retroactive payment of benefits after exhaustion." (citation and quotation marks omitted)).

Here, the Commissioner argues that Plaintiff fails to allege or demonstrate exhaustion of administrative remedies because Plaintiff has not demonstrated that he has received a decision from an ALJ and/or the Appeals Council regarding his claims. Doc. No. 48, at 5–6. And the Commissioner argues that Plaintiff fails to demonstrate any colorable constitutional claim or collateral matter sufficient to justify the waiver of the exhaustion requirement. *Id.* at 8–10.

In response, Plaintiff contends that the Administrative Record submitted to this Court by the Commissioner (Doc. No. 47) is deficient in several respects (such that it is missing certain documents, contains redactions, and includes inconsistent dates, claim numbers, or has missing page numbers),[9] and otherwise argues that

---

[9] To the extent that Plaintiff argues that the records are deficient, missing, redacted, or inconsistent, the submissions Plaintiff provides in support do not demonstrate that a final decision has been issued in this case (nor does Plaintiff argue that they do). *See* Doc. No. 49-2. Nor does Plaintiff argue that the allegedly deficient records prevented him from exhausting his administrative remedies. Instead, it appears that Plaintiff relies on these materials to support the merits of his applications, requests for reconsideration, and/or waiver requests before the SSA, or his argument that the SSA did not timely or adequately respond to his requests. Doc. No. 49. Because the documents do not go to the issue of exhaustion, these submissions are not further addressed herein.

"several essential documents" demonstrate that Plaintiff's overpayment and benefit recoupment claims are meritorious in this case. Doc. No. 49. In sum, Plaintiff is arguing that the SSA has unreasonably delayed in adjudicating Plaintiff's and his children's claims, requests for reconsideration, and/or waiver requests, or that the SSA has failed to provide him sufficient explanations; nowhere does Plaintiff argue that he, in fact, exhausted his administrative remedies in this case. *Id.*; *see also* Doc. No. 9. Plaintiff also asserts that although the Commissioner argues failure to exhaust administrative remedies for failure to obtain a final decision, the SSA's failure to act timely regarding his claims coupled with improper benefit reductions effectively violates his due process rights, and this violation of due process rights and the SSA's failure to act timely "are wholly collateral to SSA's benefit determinations." Doc. No. 50.

Upon review of the amended complaint, Doc. No. 9, and as Plaintiff tacitly concedes, Doc. Nos. 49–50, Plaintiff has not exhausted his administrative remedies in this case. Instead, Plaintiff's allegations demonstrate that Plaintiff is seeking judicial review of what appear to be ongoing proceedings before the SSA, to include reference to "inadequate processing of initial application, waiver and reconsideration requests" that have "led to months of unresolved issues," a "delayed pending" application for one child that is currently "under disability review," and with Plaintiff complaining of the Commissioner's failure to act

"timely" or properly in this case. Doc. Nos. 9, 9-4. Accordingly, based on Plaintiff's failure to plead exhaustion of administrative remedies in this case, it appears that the amended complaint should be dismissed. *See, e.g.*, *Comack*, 2024 WL 4719238, at *2 ("The district court did not err in dismissing Comack's complaint because he failed to exhaust his administrative remedies. Comack had not yet received a final decision by the Commissioner, as his social security proceedings are still ongoing, meaning that he has not completed each step of the administrative review process."); *see also Bruder v. Commr of Soc. Sec.*, No. 6:23-cv-2332-DCI, 2024 WL 945302, at *2 (M.D. Fla. Mar. 5, 2024) (granting motion to dismiss social security appeal for failure to exhaust administrative remedies where the claimant did not allege exhaustion in the complaint and the record demonstrated otherwise); *Edwards v. Comm'r of Soc. Sec.*, No. 6:22-cv-1909-EJK, 2023 WL 3338805, at *2 (M.D. Fla. May 10, 2023) (granting motion to dismiss social security appeal because the claimant "failed to allege or provide any evidence that a final decision was issued in his case").

In his amended complaint, Plaintiff makes reference to a due process violation. Doc. No. 9, at 3. Although not explicit, *see* Doc. No. 9-4, given the arguments raised by Plaintiff in response to the motion to dismiss, the claim appears to be based on the SSA's alleged delay in processing or insufficient responses to his applications and/or reconsideration and waiver requests, the SSA failing to provide

accurate records, and/or a reduction in benefits while the SSA is processing his claims. *See* Doc. No. 50.

The undersigned does not find this sufficient to plead or demonstrate an exception to or a waiver of the exhaustion requirement. First, the claims in this lawsuit are directly related to Plaintiff's and his children's applications for benefits, with Plaintiff asking that, among other things, the Court find him entitled to retroactive benefits, future benefits, and declare Plaintiff entitled to social security benefits. Doc. No. 9-4, at 3. Thus, the claims in this lawsuit are not collateral to a claim for benefits. *See L.N.P. v. Kijakazi*, 64 F.4th 577, 587 (4th Cir. 2023) ("[S]ystemic procedural violations that arose from [the underlying] claim for benefits . . . [do] not justify bypassing the exhaustion requirement of § 405(g)."); *Comack*, 2024 WL 4719238, at *3 ("Waiver of exhaustion is not applicable to Comack's case. . . . Comack's allegations of error stem directly from his claim for benefits."). And although Plaintiff argues that exhaustion would be futile because he lacks necessary documentation from the SSA, at bottom, Plaintiff takes issue with how the SSA is handling his claims and alleged delay related thereto, and it appears that "continued pursuit of his claim at the administrative level could potentially result in a disability determination in his favor." *See Comack*, 2024 WL 4719238, at *3; *see also L.N.P.*, 64 F.4th at 588 (affirming dismissal under Rule 12(b)(6) on failure to plead exception to exhaustion based on irreparable injury where there was "no

physical injury, much less irreparable injury, that would be suffered as a consequence of delayed payment").

Second, a "generic allegation is not enough to raise a colorable constitutional claim." *See Pretzer v. Comm'r of Soc. Sec.*, No. 2:19-cv-735-SPC-NPM, 2023 WL 2706729, at *3 (M.D. Fla. Mar. 30, 2023) (rejecting due process argument based on blanket assertion that "by refusing to hold a hearing on the merits and by refusing to issue a decision on the merits, the ALJ failed to provide the Plaintiff with a meaningful opportunity to be heard and violated the Plaintiff's substantive due process rights"). And Plaintiff's alleged delay by the SSA in the process of adjudicating the applications and/or reconsideration and waiver requests at issue is not sufficient by itself to state a constitutional claim or demonstrate that waiver of the exhaustion requirements is warranted. *See Zachery-Holt v. Kijakazi*, No. 8:22-cv-2506-MSS-AAS, 2023 WL 4931215, at *3 (M.D. Fla. May 22, 2023), *report and recommendation adopted*, 2023 WL 4931170 (M.D. Fla. June 15, 2023) ("[T]he relevant statutory text detailing the procedures the Social Security Administration must follow when reconsidering a claimant's application for benefits, 42 U.S.C. § 405(b), provides no time period by which the Social Security Administration must respond to a request for reconsideration[.]"); *Thomas-Joseph v. Comm'r of Soc. Sec.*, No. 2:19-cv-681-FtM-MRM, 2021 WL 981604, at *7 (M.D. Fla. Mar. 16, 2021), *aff'd*, No. 21-11020, 2022 WL 1769134 (11th Cir. June 1, 2022) ("It appears that Plaintiff contends

that her due process rights were violated because there has been a substantial passage of time since she filed her Request for Reconsideration or because the SSA has otherwise failed to follow their own rules and regulations. Notably, Plaintiff cites no case law in support of her position, and the Court otherwise finds her argument lacks merit." (record citations omitted)); *Waddell v. Apfel*, No. CIV. A. 99-0578-CB-M, 2001 WL 102365, at *6 (S.D. Ala. Jan. 22, 2001) ("Delays are an unfortunate but inevitable aspect of both the administrative and judicial processes, and mere delay in one's ability to obtain a final decision does not trigger an exception to the exhaustion doctrine[.]"); *see also Heckler v. Day*, 467 U.S. 104, 110 (1984) ("[T]he legislative history makes clear that Congress, fully aware of the serious delays in resolution of disability claims, has declined to impose deadlines on the administrative process."); *Montalvo*, 2024 WL 711035, at *3 ("[T]he judiciary cannot impose timetables for the Social Security Administration to complete its duties when Congress has not explicitly laid out timetables in the pertinent statute.'" (citations omitted)).[10]

---

[10] The undersigned does not find the authority on which Plaintiff relies to compel a different result. In *Mathews v. Eldridge*, 424 U.S. 319 (1976), for example, a constitutional challenge as to whether there should be an evidentiary hearing before termination of benefits was wholly collateral to the claim to entitlement to benefits, unlike here, where Plaintiff seeks an award of benefits for the SSA's alleged delay and/or insufficient explanation in processing his requests for reconsideration or waiver. *See id.* at 330. The *Mathews* Court also noted that full relief could not be obtained at a post-deprivation hearing, and Plaintiff has not demonstrated the same here. *See id.* at 331.

Although *Califano v. Sanders*, 430 U.S. 99, 109 (1977), stated that a colorable

For these reasons, the undersigned will respectfully recommend that the Court grant the Commissioner's motion to dismiss on the grounds that Plaintiff failed to exhaust administrative remedies or demonstrate that the exhaustion requirements should be waived. *See, e.g.*, *Comack*, 2024 WL 4719238, at *3 (affirming dismissal of social security appeal, in part, for failure to adequately allege exhaustion of administrative remedies or a waiver of the exhaustion requirements); *L.N.P.*, 64 F.4th at 587–89 (affirming dismissal without prejudice of social security complaint on Rule 12(b)(6) grounds where the claimant did not allege exhaustion and the allegations of the complaint did not present the "rare case in which bypassing that process is justified"); *Dunn v. Comm'r of Soc. Sec.*, 832 F. App'x 62, 64 (2d Cir. 2020) (affirming dismissal of social security appeal under Rule 12(b)(6) because the complaint presented a clear inference that there was a failure to exhaust administrative remedies and the claimant "presented no facts in her pleadings to

---

constitutional claim brought in a "rare case" may be heard by the courts absent exhaustion, for the reasons set forth above, Plaintiff here has not stated a due process claim sufficient to result in a waiver of the exhaustion requirement, and indeed, his due process argument is directly related to applications for benefits and Plaintiff's request that the Court find him entitled to benefits based on perceived delays and or improper handling of his claims.

*McKart v. United States*, 395 U.S. 185 (1969), is not a social security case, dealt with a criminal matter, and notably stated that application of the doctrine of exhaustion of administrative remedies must be made as to "the particular administrative scheme involved." *Id.* at 193.

*McCarthy v. Madigan*, 503 U.S. 140 (1992) also is not a social security case, and has been superseded by statute, as recognized in *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

suggest that waiver of the exhaustion requirement was warranted"). The dismissal should be without prejudice to allow Plaintiff to pursue his claims after completion of the administrative process, if appropriate. *See Crayton*, 120 F.3d at 1222 (dismissing the plaintiffs' claims "without prejudice, so that they may pursue administrative remedies and then return to federal court if appropriate"); *see also L.N.P.*, 64 F.4th at 589.[11]

## III.  RECOMMENDATION.

For the reasons set forth herein, it is respectfully **RECOMMENDED** that the Court **GRANT** the Commissioner's Motion to Dismiss (Doc. No. 48), **DISMISS** this case **without prejudice** and without leave to amend, and thereafter **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives

---

[11] Based on the failure to exhaust administrative remedies, the undersigned finds that further amendment to the complaint would be futile. *Cf. Santiago v. Kijakazi*, No. 8:21-cv-2175-WFJ-MRM, 2022 WL 17345073, at *5 (M.D. Fla. Nov. 14, 2022), *report and recommendation adopted*, 2022 WL 17338812 (M.D. Fla. Nov. 30, 2022) (dismissal without prejudice but without *sua sponte* leave to amend due to futility of amendment based on failure to exhaust administrative remedies). The undersigned further notes that Plaintiff has had multiple opportunities to address this exhaustion issue, including several unauthorized filings. *See* Doc. Nos. 31, 36, 42, 49-50.

that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 28, 2025

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy