UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DIANSKY ROUZARD,**

        **Plaintiff,**

v.     Case No. 6:24-cv-585-CEM-LHP

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____/

## ORDER

THIS CAUSE is before the Court on the Commissioner of Social Security's ("Commissioner") Motion to Dismiss ("Motion," Doc. 48), to which Plaintiff, proceeding *pro se*, filed a Notice of Deficient Administrative Records (Doc. 49) and a Supplemental Brief in Opposition (Doc. 50). The United States Magistrate Judge issued a Report and Recommendation (Doc. 54), which was later withdrawn (Jan. 28, 2025 Order, Doc. 57), and an Amended Report and Recommendation ("R&R," Doc. 56), recommending that the Commissioner's Motion be granted, (*id.* at 18). Plaintiff filed Objections (Doc. 58).

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See*

*also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While Plaintiff's Objections are timely, his Objections fail to address a particular portion of the Magistrate Judge's findings or recommendations in the R&R. Plaintiff's Objections argue that the R&R's recommendation disregards his due process rights and "imposes undue delays and financial hardships, further exacerbating the harm caused by [ ] Defendant's [alleged] actions." (Doc. 58 at 1). However, Plaintiff does not contest the basis for the Magistrate Judge's well-reasoned recommendation—that he failed to exhaust his administrative remedies or demonstrate the requirement should be waived, (Doc. 56 at 17). Neither does Plaintiff cite any legal authority in support of his cursory argument. *See U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (refusing to address a "perfunctory and underdeveloped argument" with no citation to legal authority and collecting cases).

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, and considering the Objections, the Magistrate Judge's

recommended disposition is accepted. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 58) are **OVERRULED**.

2. The Amended Report and Recommendation (Doc. 56) is **ADOPTED** and made a part of this Order.

3. The Commissioner's Motion to Dismiss (Doc. 48) is **GRANTED**.

4. This case is **DISMISSED without prejudice**.

5. Thereafter, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on January 31, 2025.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party